**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EDWARD C. BROWDER**,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE** *et al.*,<br><br>Defendants. | Case No. 1:25-cv-2192 (TNM) |

## MEMORANDUM OPINION

Pro se plaintiff Edward C. Browder sues a variety of federal defendants for harming his reputation by disseminating federal investigative materials to state and local actors. But a few holes—namely, the failure to state what laws the defendants violated—leave Browder with a Complaint that falls short of minimum pleading standards. The Court will accordingly dismiss it without prejudice. Should Browder still seek relief, he may file a new Complaint that complies with the Federal Rules of Civil Procedure.

### I.

Browder filed this case against the Attorney General and components of the Justice Department (collectively, "the Department")[1] for disseminating federal grand jury materials to state and local actors. Compl. ¶¶ 7–10, 12, ECF No. 1. Because of that disclosure, these documents are "embedded in state court records" and have caused Browder reputational injuries and legal exposure. *Id.* ¶ 16. To right those wrongs, Browder asks this Court for declaratory

[1] Todd Blanche, in his official capacity as Attorney General of the United States, U.S. Department of Justice, the Federal Bureau of Investigation, and the Civil Rights Division of the U.S. Department of Justice. Compl. ¶¶ 7–10.

judgment, injunctive and equitable relief, and a writ of mandamus. *Id.* at 5–7. The Department moves to dismiss Browder's Complaint or to transfer the case to the Eastern District of Tennessee. Defs.' Mot., ECF No. 13. This motion is ripe, and the Court turns to it now.[2]

**II.**

The Federal Rules of Civil Procedure require plaintiffs to provide "a short and plain statement" of his claims "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of the rule is to give fair notice of the claim[s] being asserted so as to permit the adverse party the opportunity to file a responsive answer," and "prepare an adequate defense . . . ." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Though courts hold pro se litigants like Browder to "less stringent standards" than lawyers for pleading purposes, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up), even pro se litigants must meet the minimum pleading standards required by the Federal Rules of Civil Procedure, *see Stoller v. United States*, 216 F. Supp. 3d 171, 174 (D.D.C. 2016).

Browder's Complaint does not meet this minimum requirement. That is because his pleadings skip a key step: Browder has not specified what law the Department allegedly violated. Consider what Browder *has* alleged. Summarizing his own action, Browder claims that "federal materials were used by state and local actors without DOJ authorization, redaction, privilege review, or protective sealing." Compl. ¶ 13. He continues that "[p]ortions of this content were incorporated into a state search warrant affidavit submitted to a Tennessee court, compounding the misuse of protected federal equities." *Id.* Later, Browder asserts that these actions

[2] Browder also moves for a protective order that asks the Court to appoint a special master and seal swaths of documents. *See* Mot. Protect. Order, Mot. Appoint. Spec. Master, ECF No. 12 at 6. Given the Court's disposition of the motion to dismiss, it will deny the motion for a protective order as moot.

"violate[d] federal secrecy protections, classification protocols, and grand jury confidentiality rules." *Id.* at 5–6. None of these facts or vague references to legal authorities clarifies what claims Browder brings against the Department. *See Brown*, 75 F.R.D. at 498. Rather, Browder's allegations amount to the kind of "unadorned, the defendant-unlawfully-harmed-me accusation[s]" that fall short of Rule 8's bar. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For instance, does Browder claim that the Department violated the Privacy Act by disclosing its materials? *See* 5 U.S.C. § 552a(b) (preventing government agencies from disclosing records maintained on individuals). Does he claim that the Department violated an agency regulation establishing certain classification protocols? *See* 5 U.S.C. § 706(2) (allowing courts to set aside agency actions inconsistent with that agency's regulations). And if so, what regulation imposes the relevant protocols? Browder has not said, so the Department can hardly give a responsive answer. His pleadings leave too many unknowns to mount a case.

When Browder does mention specific authority, he cites laws allowing courts to provide various remedies, still without an indication of what underlying legal claims would call for those remedies. For instance, Browder seeks declaratory relief under 28 U.S.C. § 2201, mandamus relief under 28 U.S.C. § 1361, injunctive relief, and "[w]histleblower [r]ecognition." Compl. at 5–6. All of these are forms of relief, not sources of legal entitlement. *See Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (noting that "the availability of [declaratory] relief presupposes the existence of a judicially remediable right" (cleaned up)). None thus clarifies Browder's claims or otherwise fills the gaps in his Complaint.

Seeing things differently, Browder claims that in its motion to dismiss, the Department "accurately summarize[d]" his complaint, foreclosing possible Rule 8 issues. Opp'n at 4–5, ECF No. 17. But no one suggests that Browder's Complaint is too incoherent to summarize. The

problem is that one cannot discern what legal claims Browder brings. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (noting that Rule 8 requires "fair notice" of both "the nature of the claim" and "also grounds on which the claim rests" (cleaned up)).

These shortcomings leave Browder with a Complaint insufficient to proceed. The Court will thus dismiss it without prejudice. Because this dismissal is without prejudice, however, Browder may file a new Complaint that complies with the Federal Rules of Civil Procedure in the appropriate venue should he still seek relief.[3] An Order will issue separately.

2026.08.17
15:23:32 -04'00'

Dated: August 17, 2026 TREVOR N. McFADDEN, U.S.D.J.

[3] Despite Browder's consent to this case's transfer to the Eastern District of Tennessee, the Court declines to exercise its discretion to transfer the case given the underlying defects in Browder's Complaint. *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) (noting courts' discretion to choose among threshold grounds for resolving a case). Should Browder still seek relief, he may file a new complaint in the appropriate venue.